**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-25745-ALTMAN**

**SANTA CRUZ AMBROCIO ALVARADO**,

*Petitioner*,

*v.*

**KROME SERVICE PROCESSING CENTER**, *Warden*, *et al.*,

*Respondents*.
_______________________________________/

**ORDER**

On September 4, 2026, we found that Santa Cruz Ambrocio Alvarado—who'd filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241—"neither filed a motion for leave to proceed *in forma pauperis* nor paid the Clerks filing fee[.]" Order to Pay Filing Fee or File IFP Motion [ECF No. 4] at 2 (cleaned up). We explained that "[w]e c[ouldn't] adjudicate Alvarado's Petition until" he resolved the filing-fee issue. *Ibid.* (cleaned up). So, we ordered Alvarado to *either* pay the filing fee *or* file a motion to proceed *in forma pauperis* by September 18, 2026. *See ibid.* His failure to do so on time, we warned, "may result in dismissal of this case without further notice." *Ibid.*

The September 18, 2026, deadline has come and gone, and Alvarado failed to resolve the filing-fee issue. *See generally* Docket. Alvarado has thus ignored this Court's orders and failed to prosecute his own case. As a result, the only appropriate sanction now is dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))).

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **DISMISSED without prejudice** for failure to prosecute and for failure to comply with court orders. *See* FED. R. CIV. P. 41(b). The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 16, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Santa Cruz Ambrocio Alvarado, *pro se*